# EXHIBIT C

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BUILDING TRADES PENSION FUND OF WESTERN PENNSYLVANIA, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>AVANTOR, INC., MICHAEL STUBBLEFIELD, and R. BRENT JONES,<br><br>        Defendants. | Case No. 2:25-cv-06187-GAM<br><br>Hon. Gerald A. McHugh<br>District Judge<br><br>CLASS ACTION<br><br>**ORAL ARGUMENT REQUESTED** |
| CITY OF PONTIAC REESTABLISHED GENERAL EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>AVANTOR, INC., MICHAEL STUBBLEFIELD, R. BRENT JONES, JONATHAN PEACOCK, and STEVEN ECK,<br><br>        Defendants. | Case No. 2:25-cv-06686-GAM<br><br>Hon. Gerald A. McHugh<br>District Judge<br><br>CLASS ACTION |

**JOINT DECLARATION IN SUPPORT OF THE MOTION OF THE PENSION FUNDS FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

We, William Greer and Robert D. Klausner declare as follows:

1.    We respectfully submit this Joint Declaration in support of the motion of Building Trades Pension Fund of Western Pennsylvania ("Building Trades"), City Pension Fund for Firefighters & Police Officers in the City of Miami Beach ("Miami Beach F&P"), City of Orlando Police Officers' Pension Fund ("Orlando Police"), and City of Orlando Firefighters' Pension Fund ("Orlando Firefighters" and, together with Orlando Police, "Orlando") (collectively, the "Pension Funds") for consolidation of the above-captioned, related actions (the "Related Actions"), appointment as Lead Plaintiff, and approval of their selection of Saxena White P.A. ("Saxena White") and Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") to serve as Lead Counsel for the proposed class in the securities class action litigation against Avantor, Inc. ("Avantor") and certain other defendants (collectively, "Defendants"). We are aware that the Related Actions are brought on behalf of all persons and entities who purchased or otherwise acquired Avantor common stock between March 5, 2024, and October 28, 2025 (both dates inclusive) (the "Class Period"). We are informed of and understand the requirements and duties imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), including the selection and retention of counsel and overseeing the prosecution of this litigation. We each have personal knowledge of the information in this Joint Declaration to the extent it concerns the institution with which we are respectively associated.

2.    I, Robert D. Klausner, am the General Counsel of Miami Beach F&P. Miami Beach F&P is a public pension system organized for the benefit of current and retired police officers and firefighters of the City of Miami Beach, Florida, and their beneficiaries. Miami Beach F&P manages approximately $1.2 billion in assets for the benefit of over 1,300 active and retired

1

beneficiaries. As reflected in its certification, Miami Beach F&P incurred substantial losses on its transactions in Avantor common stock during the Class Period.

3.    I, Robert D. Klausner, am the General Counsel of Orlando Police and Orlando Firefighters and am authorized to make this declaration on their behalf. Based in Orlando, Florida, Orlando Police and Orlando Firefighters are both defined-benefit public pension funds. Orlando Police manages approximately $800 million in assets for the benefit of approximately 1,700 active and retired participants and their beneficiaries. Orlando Firefighters manages approximately $500 million in assets for the benefit of approximately 1,000 active and retired participants and their beneficiaries. As reflected in their certifications, Orlando purchased Avantor common stock in a jointly held account and incurred a substantial loss on their transactions in Avantor common stock during the Class Period.

4.    I, William Greer, am a Trustee of Building Trades, and am authorized to make this declaration on behalf of Building Trades. Based in Pittsburgh, Pennsylvania, Building Trades is a defined-benefit public pension fund. Building Trades manages approximately $120 million in assets for the benefit of approximately 3,600 active and retired participants and their beneficiaries. As reflected in its certification, Building Trades incurred substantial losses on its transactions in Avantor common stock during the Class Period, and investigated and filed the first action pending before the Court, with Kessler Topaz.

5.    The Pension Funds are all sophisticated institutional investors that understand, appreciate, and accept the duties and fiduciary responsibilities with which a lead plaintiff is charged under the PSLRA. Our familiarity with the PSLRA's requirements and in overseeing counsel in actions prosecuted on behalf of absent class members is informed by, among other

things, our experience serving as a lead plaintiff or representative plaintiff in securities fraud class actions.

6.      Specifically, members of the Pension Funds have extensive experience overseeing the prosecution of securities class actions and have achieved outstanding results for investors when serving as a lead plaintiff, co-lead plaintiff, or a class representative in such actions.  For example, Miami Beach F&P served as lead plaintiff in *In re HD Supply Holdings, Inc. Securities Litigation,* No. 17-cv-02587 (N.D. Ga) ($50 million recovery serving as lead plaintiff with two other pension funds and Saxena White as lead counsel) and in *City Pension Fund for Firefighters and Police Officers in the City of Miami Beach v. Aracruz Celulose S.A.*, No. 08-cv-23317 (S.D. Fla.) ($37.5 million recovery with Saxena White serving as lead counsel).  Miami Beach F&P is also currently serving as lead plaintiff with another pension fund in *In re Fiserv, Inc. Securities Litigation*, No. 25-cv-06094 (S.D.N.Y.), and four other pension funds in *In re ASML Holding N.V. Securities Litigation,* No. 24-cv-08664 (S.D.N.Y.) (with Kessler Topaz serving as co-lead counsel).  Orlando Firefighters and Orlando Police are currently serving as lead plaintiff with other pension funds in *Operating Engineers Construction Industry and Miscellaneous Pension Fund v. Neogen Corporation*, No. 25-cv-00802 (W.D. Mich.) (with Saxena White serving as co-lead counsel), and *Prime v. Manhattan Associates, Inc.*, No. 25-cv-00992 (N.D. Ga.), and Orlando Police serves as lead plaintiff with four other institutional investors in *In re Vertiv Holdings Co. Securities Litigation*, No. 22-cv-03572 (S.D.N.Y.) (with Saxena White serving as co-lead counsel). Building Trades has also served in a representative capacity in several federal securities class actions, including in *Shapiro v. TG Therapeutics, Inc.*, No. 22-cv-06106 (S.D.N.Y.) (served as an additional plaintiff), *Building Trades Pension Fund of Western Pennsylvania v. Insperity, Inc.*, No.

3

20-cv-05635 (S.D.N.Y.) (filed initial complaint), and *Building Trades Pension Fund of Western Pennsylvania v. Textron Inc.*, No. 19-cv-07881 (S.D.N.Y.) (filed initial complaint).

7. The Pension Funds are each highly motivated to recover the substantial losses that they (and the rest of the class) incurred as a result of Defendants' violations of the federal securities laws. Our primary goal in seeking to serve as Lead Plaintiff in this case is to achieve the best possible recovery for the class from all culpable parties. We are dedicated to maximizing the class's recovery by ensuring this litigation is prosecuted in an efficient and cost-conscious manner and believe that we have put in place mechanisms to ensure effective decision-making and coordination and oversight of our chosen counsel.

8. To ensure an optimal result for the class, we believe that this case should be prosecuted by sophisticated institutional investors with significant resources, prior experience serving as fiduciaries and in selecting, hiring, and overseeing the activities of outside counsel in securities class action litigation under the PSLRA, and with a financial interest substantial enough to ensure the claims are litigated vigorously, efficiently, and in the best interests of the class.

9. Each of the Pension Funds is familiar with the facts and circumstances regarding the Related Actions. The Pension Funds each independently determined that they could maximize the Class's recovery by seeking appointment as Lead Plaintiff in this case based on, among other things, their ability to share and combine resources and their perspectives as fiduciaries to our respective members, and shared goals and interests in protecting and maximizing institutional investor assets. The Pension Funds also each independently determined that it would be in their and the class's best interests to seek to jointly prosecute these important claims. The decision to seek joint appointment as Lead Plaintiff was, in part, informed by the Pension Funds' roles as fiduciaries, and their shared goals and interests in protecting and maximizing their assets and

4

enhancing the reliability and transparency of information disseminated by publicly traded corporations.

10.    After analyzing the merits of the claims investigated and filed by Building Trades with Kessler Topaz as its counsel, the results of our counsel's investigations into the alleged misconduct, and the respective losses incurred as a result of Defendants' alleged misconduct, and consulting with counsel, the Pension Funds approved the filing of a motion for Lead Plaintiff appointment.

11.    The Pension Funds agree that their partnership is well suited for this litigation and will further the interests of the class. Among other things, the Pension Funds' prior experiences working with other institutional investors in actions pursuant to the PSLRA demonstrate that a cohesive group of sophisticated fiduciaries informed by diverse perspectives has a positive effect on the quality of the representation provided to class members, especially in complex actions such as the Related Actions. The Pension Funds understand that the PSLRA expressly allows for the appointment of lead plaintiff groups, and courts throughout the country, including in this District, endorse groups of sophisticated investors serving as lead plaintiff when they are able to effectively oversee counsel in an independent manner and demonstrate that they will vigorously prosecute the Related Actions in the best interests of the class. The Pension Funds intend to prosecute the Related Actions against Defendants in such an independent, efficient, and vigorous manner.

12.    Prior to seeking appointment as Lead Plaintiff, representatives of the Pension Funds convened a conference call to discuss the Pension Funds' commitment to jointly prosecuting this litigation. During the call, our representatives discussed, among other things: the facts and the merits of the claims against Defendants; the losses arising from Defendants' misconduct; the strategy for the prosecution of this litigation; the Pension Funds' shared desire to achieve the best

5

possible result for the Class; the Pension Funds' experience overseeing counsel in actions pursuant to the PSLRA; and the Pension Funds' shared interest in serving jointly as Lead Plaintiff in this case in order to, among other things, ensure that the class's claims will be efficiently and zealously prosecuted through our oversight of our proposed Lead Counsel, Saxena White and Kessler Topaz.

13.     On the conference call, the Pension Funds' representatives also discussed with each other the importance of joint decision-making and maintaining open communication that will enable each of us to confer, with or without counsel, via telephone, video conference, and/or email on short notice to ensure that the Pension Funds are able to make timely decisions.  The Pension Funds have direct contact information for each other so that we and our representatives can communicate with or without counsel.  The Pension Funds each have staff capable of overseeing this matter that are available to confer via telephone and/or email to ensure that our funds are able to make timely decisions.

14.     From the Pension Funds' experience with securities class actions, we are not aware of any instance of disagreement that could not be resolved through discussion and collaboration among the members of the group and/or counsel.  The Pension Funds are likeminded, sophisticated institutional investors aligned in our objective to work collaboratively to maximize the recovery of investors through this litigation.  Based on our experience, and given our shared goal of achieving the best possible recovery for the class, we do not envision having any disagreement that could not be resolved through discussion with each other and our counsel.

15.     We confirm our commitment to sharing our perspectives, experiences, and resources to direct this litigation, including to supervise our chosen counsel's prosecution of the Related Actions, pursuant to the PSLRA, to ensure that the Related Actions are prosecuted without unreasonable cost.  We are confident in our ability to supervise our selected counsel and believe

6

that the class will benefit from having law firms experienced in litigating securities class actions successfully as Lead Counsel.

16.      We are aware of the experience, resources, and success of our proposed Lead Counsel, Saxena White and Kessler Topaz, and are aware they are accomplished law firms with histories of achieving significant monetary recoveries on behalf of injured investors, including in this District.  *See, e.g.*, *SEB Inv. Mgmt. AB v. Wells Fargo & Co.*, No. 22-cv-03811-TLT (N.D. Cal.) ($85 million settlement pending; Kessler Topaz serving as lead counsel and Saxena White as counsel for additional class representative); *In re Apache Corp. Sec. Litig.*, No. 21-cv-00575 (S.D. Tex.) ($65 million recovery with Saxena White and Kessler Topaz serving as co-lead counsel); *Teamsters Loc. 456 Pension Fund v. Universal Health Servs., Inc.*, No. 17-cv-02817 (E.D. Pa.) ($17.5 million settlement with Saxena White serving as lead counsel); *In re Wilmington Trust Sec. Litig.*, No. 10-cv-00990 (D. Del.) ($210 million recovery, with Saxena White serving as co-lead counsel); *SEB Inv. Mgmt. AB v. Endo Int'l plc*, No. 17-cv-3711 (E.D. Pa.) ($82.5 million recovery with Kessler Topaz serving as lead counsel); *City of L.A. v. Bankrate, Inc.*, No. 9:14-cv-81323 (S.D. Fla.) ($20 million recovery, with Kessler Topaz serving as lead counsel and Saxena White serving as liaison counsel); *In re Sadia S.A. Sec. Litig.*, No. 08-cv-09528 (S.D.N.Y.) ($27 million settlement with Saxena White and Kessler Topaz serving as co-lead counsel).  Saxena White and Kessler Topaz are also currently serve as co-lead counsel in prosecuting federal securities claims on behalf of injured investors in *In re Integra Lifesciences Holdings Corp. Securities Litigation*, No. 23-cv-20321 (D.N.J.).  We fully believe that Saxena White and Kessler Topaz will prosecute the Related Actions in a zealous and efficient manner as Lead Counsel under our supervision, to the benefit of the class.  Our decision to select Saxena White and Kessler Topaz as our proposed Lead Counsel was also informed by our analysis of the claims against Avantor

7

and the evidence developed by Saxena White and Kessler Topaz through their investigation into Defendants' alleged wrongdoing.

17.    In furtherance of their duties to the class, the Pension Funds have directed Saxena White and Kessler Topaz to vigorously prosecute the Related Actions in a cost-effective and efficient manner while obtaining the best possible result for the class.  The Pension Funds believe the experience and success of our proposed Lead Counsel in prosecuting securities class actions, combined with our oversight, will ensure that the class receives the best possible representation in this case.  To further ensure that this litigation will be prosecuted efficiently and without duplicative effort, prior to seeking appointment as lead plaintiff, we instructed Saxena White and Kessler Topaz to enter into a Joint Prosecution Agreement to govern counsels' activities in this litigation.  We have further instructed Saxena White and Kessler Topaz to provide the Joint Prosecution Agreement to the Court for in camera review should the Court deem such a review helpful.  Consistent with the Joint Prosecution Agreement, as part of our oversight of counsel, and to ensure there is no duplication of effort, we have instructed our proposed Lead Counsel to keep contemporaneous time records to be provided to us upon request.  We have instructed counsel that the Related Actions should be prosecuted efficiently and in a cost-effective manner, and we are confident that our counsel understand our mandate.

18.    The Pension Funds have directed Saxena White and Kessler Topaz to provide updates on all developments during the lead plaintiff motion process, and to continue its investigation of the class's claims and provide updates on the status of the ongoing investigation. The Pension Funds will continue to direct counsel and actively oversee the prosecution of the Related Actions for the benefit of the class by, among other things, reviewing and authorizing the filing of pleadings and other important litigation documents, conferring together and with counsel,

8

and attending court proceedings, depositions, settlement mediations, and hearings as needed. The Pension Funds will confer together and with counsel as often and regularly as necessary to ensure responsible oversight and direction of counsel if the Pension Funds are together appointed Lead Plaintiff.

19.     In sum, we are committed to ensuring the class receives the best possible outcome from this litigation.

**[REMAINDER INTENTIONALLY BLANK]**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29ᵗʰ day of December, 2025.

Building Trades Pension Fund of
Western Pennsylvania

William Greer, Trustee

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ day of December, 2025.

City Pension Fund for Firefighters &
Police Officers in the City of Miami Beach

*Robert D. Klausner*
Robert D. Klausner (Dec 29, 2025 13:01:34 EST)

Robert D. Klausner, General Counsel

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ day of December, 2025.

City of Orlando Police Officers' Pension Fund and
City of Orlando Firefighters' Pension Fund

*Robert D. Klausner*
Robert D. Klausner (Dec 29, 2025 13:02:10 EST)

Robert D. Klausner, General Counsel