# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BUILDING TRADES PENSION FUND OF WESTERN PENNSYLVANIA, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AVANTOR, INC., MICHAEL STUBBLEFIELD, and R. BRENT JONES,<br><br>　　　　　Defendants. | Case No. 2:25-cv-06187-GAM<br><br>Hon. Gerald A. McHugh<br>District Judge<br><br>CLASS ACTION |
| CITY OF PONTIAC REESTABLISHED GENERAL EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AVANTOR, INC., MICHAEL STUBBLEFIELD, R. BRENT JONES, JONATHAN PEACOCK, and STEVEN ECK,<br><br>　　　　　Defendants. | Case No. 2:25-cv-06686-GAM<br><br>Hon. Gerald A. McHugh<br>District Judge<br><br>CLASS ACTION |

**[PROPOSED] ORDER GRANTING THE MOTION OF THE PENSION FUNDS FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

Having considered the motion of Lead Plaintiff Movants Building Trades Pension Fund of Western Pennsylvania, City Pension Fund for Firefighters & Police Officers in the City of Miami Beach, City of Orlando Firefighters' Pension Fund, and City of Orlando Police Officers' Pension Fund (collectively, the "Pension Funds") for consolidation of the above-captioned, related actions, appointment as Lead Plaintiff, and approval of selection of Lead Counsel (the "Motion") and its supporting documents, and good cause appearing therefor,

**IT IS ORDERED THAT**:

1. The Motion is **GRANTED**.

2. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the above-captioned, related actions are consolidated for all purposes (the "Consolidated Action"). This order (the "Order") shall apply to the Consolidated Action and to each case that relates to the same subject matter that is subsequently filed in this District or is transferred to this District, and is consolidated with the Consolidated Action.

3. A Master File is established for this proceeding. The Master File shall be No. 2:25-cv-06187-GAM. The Clerk shall file all proceedings in the Master File and note such filings on the Master Docket.

4. An original of this Order shall be filed by the Clerk in the Master File.

5. The Clerk shall mail a copy of this Order to counsel of record in the Consolidated Action.

6. Every pleading in the Consolidated Action shall have the following caption:

| | |
|---|---|
| *In re Avantor, Inc. Securities Litigation* | Case No. 2:25-cv-06187-GAM |

1

7.      The Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that may properly be consolidated as part of the Consolidated Action.

8.      When a case that arises out of the same subject matter as the Consolidated Action is hereinafter filed in this Court or transferred from another court, the Clerk of this Court shall:

    a)  file a copy of this Order in the separate file for such action;

    b)  mail a copy of this Order to the attorneys for the plaintiffs in the newly filed or transferred case, and to any new defendants in the newly filed case; and

    c)  make the appropriate entry in the Master Docket for the Consolidated Action.

9.      Each new case that arises out of the subject matter of the Consolidated Action shall be consolidated with the Consolidated Action.  This Order shall apply thereto, unless a party objects to consolidation (as provided for herein), or to any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party filing an application for relief, and this Court deems it appropriate to grant such application.  Nothing in the foregoing shall be construed as a waiver of defendants' right to object to consolidation of any subsequently filed or transferred related action.

10.     Pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995, the Pension Funds are **APPOINTED** to serve as Lead Plaintiff in the above-captioned action.

11.     Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Pension Funds' selection of Kessler Topaz Meltzer & Check, LLP and Saxena White P.A. as Lead Counsel for the class is **APPROVED**.  Lead Counsel shall have the authority to speak for all plaintiffs and class members in all matters regarding the litigation, including, but not limited to, pre-trial proceedings, motion

practice, trial, and settlement.    Additionally, Lead Counsel shall have the following responsibilities:

      a) to brief and argue motions;

      b) to initiate and conduct discovery, including, but not limited to, coordination of discovery with defendants' counsel, and the preparation of written interrogatories, requests for admissions, and requests for production of documents;

      c) to direct and coordinate the examination of witnesses in depositions;

      d) to act as spokesperson at pretrial conferences;

      e) to initiate and conduct any settlement negotiations with defendants' counsel;

      f) to be the contact among plaintiffs' counsel and to direct and coordinate the activities of plaintiffs' counsel;

      g) to consult with and employ experts; and

      h) to perform such other duties as may be expressly authorized by further order of this Court.

12.    No motions, request for discovery, or other pre-trial proceedings shall be initiated or filed by any plaintiff on behalf of the class or putative class without the approval of Lead Counsel.

**IT IS SO ORDERED**.


Dated: _____          _____
                                        HONORABLE GERALD A. MCHUGH
                                        UNITED STATES DISTRICT JUDGE

3