# Exhibit D

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BUILDING TRADES PENSION FUND OF WESTER PENNSYLVANIA, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:25-cv-06187 |
| | CLASS ACTION |
| Plaintiff, | |
| vs. | |
| AVANTOR, INC. MICHAEL STUBBLEFIELD, and R. BRENT JONES, | |
| Defendants. | |

| | |
|---|---|
| CITY OF PONTIAC REESTABLISHED GENERAL EMPLOYEE'S RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:25-cv-06686 |
| | CLASS ACTION |
| Plaintiff, | |
| vs. | |
| AVANTOR, INC. MICHAEL STUBBLEFIELD, R. BRENT JONES, JONATHAN PEACOCK, and STEVEN ECK, | |
| Defendants. | |

## JOINT DECLARATION

We, the undersigned, pursuant to 28 U.S.C. §1746, declare as follows:

1.　　We respectfully submit this Joint Declaration in support of the motion of MercLan S.A. (MercLan - Very Defensive Portfolio, MercLan - Growth Portfolio, MercLan - Defensive Portfolio, MercLan - Balanced Portfolio), MercLan Institutional Fund (MercLan - Institutional Equity Fund DBI-RDT) and Kempen International Funds (Kempen International Funds - MercLan Global Equity, Kempen International Funds - MercLan Patrimonium) (collectively, "MercLan/Kempen Funds") and Macomb County Employees' Retirement System ("Macomb County," and together with the MercLan/Kempen Funds," the "Institutional Investors") for appointment as Lead Plaintiff in the securities class action (the "Action") against Avantor, Inc. ("Avantor") and certain of its senior executives (collectively, "Defendants"), pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and for approval of DiCello Levitt LLP ("DiCello Levitt") and Labaton Keller Sucharow LLP ("Labaton") as co-Lead Counsel. We each have personal knowledge about the information in this Joint Declaration relating to the institution(s) with which we are individual associated.

2.　　I, Axelle Van den broeck, am Head of Legal for Van Lanschot Kempen and am authorized to make this declaration on behalf of the MercLan/Kempen Funds.

(a)　　Kempen International Funds is a Luxembourg investment company with variable capital ("SICAV") registered with the Luxembourg register of commerce and companies ("Registre de Commerce et des Societes, Luxembourg" or "RCS") under number B 146 018. As a SICAV, Kempen International Funds has a legal personality and can be named as plaintiff or defendant in a legal action. Kempen International Funds has multiple compartments or sub-funds. Within a SICAV, such as Kempen International Funds, each compartment or sub-fund is treated as a separate entity having its own name, funding, capital gains, losses, and expenses, although

2

compartments or sub-funds do not have a legal personality distinct from the SICAV. Due to their absence of legal personality, each compartment or sub-fund of a fund structured as a SICAV is represented towards third parties by the SICAV, itself acting in respect of a specific compartment or sub-fund and representing such compartment or sub-fund toward third parties. In this action, Kempen International Funds is acting specifically for two of its compartments or sub-funds, Kempen International Funds - MercLan Global Equity and Kempen International Funds - MercLan Patrimonium, which compartments or sub-funds have their own unique ISIN codes and are the beneficial owners of Avantor, Inc. shares. As such, Kempen International Funds has a legal personality and acts on behalf of Kempen International Funds - MercLan Global Equity and Kempen International Funds - MercLan Patrimonium.

(b)    MercLan Institutional Fund is a Belgian SICAV registered with the Belgian trade register- Crossroads Bank for Enterprises ("CBE") - under number 0831.251.891. As a SICAV, MercLan Institutional Fund has a legal personality and can be named as a plaintiff or a defendant in a legal action. MercLan Institutional Fund has a single compartment or sub-fund. Within a SICAV, such as MercLan Institutional Fund, each compartment or sub-fund is treated as a separate entity having its own name, funding, capital gains, losses, and expenses, although compartments do not have legal personality distinct from the SICAV. Due to their absence of legal personality, each compartment or sub-fund of a fund structured as a SICAV is represented towards third parties by the SICAV, itself acting in respect of a specific compartment or sub-fund and representing such compartment or sub-fund toward third parties. In this action, MercLan Institutional Fund is acting specifically for its sole compartment or sub-fund, MercLan - Institutional Equity Fund DBI-RDT, which compartment or sub-fund is the beneficial owner of

3

Avantor, Inc. shares. As such, MercLan Institutional Fund has a legal personality and acts on behalf of MercLan - Institutional Equity Fund DBI-RDT.

(c)    MercLan S.A. is a Belgian SICAV registered with the CBE - under number 0449.475.729. As a SICAV, MercLan S.A. has a legal personality and can be named as a plaintiff or a defendant in a legal action. MercLan S.A. has multiple compartments or sub-funds. Within a SICAV, such as MercLan S.A., each compartment or sub-fund is treated as a separate entity having its own name, funding, capital gains, losses, and expenses, although compartments do not have legal personality distinct from the SICAV. Due to their absence of legal personality, each compartment or sub-fund of a fund structured as a SICAV is represented towards third parties by the SICAV, itself acting in respect of a specific compartment or sub-fund and representing such compartment or sub-fund toward third parties. In this action, MercLan S.A. is acting specifically for its compartments or sub-funds, MercLan - Very Defensive Portfolio, MercLan - Growth Portfolio, MercLan - Defensive Portfolio, and MercLan - Balanced Portfolio, which compartments or sub-funds are the beneficial owners of Avantor, Inc. shares. As such, MercLan S.A. has a legal personality and acts on behalf of MercLan - Very Defensive Portfolio, MercLan - Growth Portfolio, MercLan - Defensive Portfolio, and MercLan - Balanced Portfolio.

3.    I, Mark F. Deldin, am the Chairman of Macomb County Employees' Retirement System ("Macomb County") and am authorized to make this declaration on its behalf.

(a)    Macomb County is a single employer defined benefit plan that oversees over $1 billion in total assets on behalf of its members. As reflected in its certification, Macomb County purchased a significant number of Avantor shares during the Class Period at issue in this litigation and suffered a substantial loss as a result of the alleged violations of the federal securities laws in this Action.

4

(b)     Macomb County is a sophisticated institutional investor that understands, appreciates, and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA, including to oversee and supervise the litigation separate and apart from counsel. Macomb County's familiarity with the PSLRA is informed by, among other things, its experience successfully serving as lead plaintiff in other securities class actions, including in cases in which it worked together with other institutional investors.  Indeed, Macomb County has achieved outstanding results for investors when serving as lead plaintiff or class representative in other securities class actions.  *See, e.g.*, *In re DFC Global Corp. Sec. Litig.*, No. 13-cv-06731-BMS (E.D. Pa.) (Macomb County, working alongside other institutional investors, achieved a favorable $30 million settlement for a class of investors); *Silverman v. Motorola, Inc.*, No. 07-cv-04507 (N.D. Ill.) (Macomb County alongside another institutional investor, achieved a $200 million settlement for a class of investors).

4.     The Institutional Investors are aware that the PSLRA and courts throughout the country permit groups and, in particular, sophisticated investors capable of effectively overseeing counsel in an independent manner.  The Institutional Investors believe that it is important that the group of persons with the largest financial loss in the relief sought, that also meet the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure.  To this end, the Institutional Investors believe this case should be prosecuted by sophisticated international and domestic institutional investors that have a significant financial interest in the claims against Defendants to ensure that the claims are litigated vigorously, efficiently, and in the best interests of the class.

5.     Our decision to seek appointment as Lead Plaintiff together was informed by a variety of factors, including the fact that we are sophisticated institutional investors strongly

motivated to recover the significant losses that they and the class incurred as a result of Defendants' alleged violations of the federal securities laws.  Before filing our motion, we conferred to discuss our leadership and oversight of this litigation, including our ability to leverage our respective resources and experience as well as those of our counsel. We discussed, among other things, the strengths of seeking appointment together and the lead plaintiff's responsibilities. Moreover, before filing our motion, we agreed to protocols regarding how we will jointly prosecute the case, including how we would approach and resolve any potential differences of opinion arising during the joint decision-making process and that we will continue to confer as necessary to ensure effective representation.

6.      The Institutional Investors are aware of the requirements and responsibilities of being a lead plaintiff in a securities class action, including interacting with and overseeing counsel, reviewing and commenting on important documents in the case, participating in discovery (including providing evidence relating to our investments in Avantor securities), attending important proceedings as necessary, and/or authorizing any potential settlement on behalf of the class as well as approving any attorneys' fees and cost requests by counsel.  Through these and other measures, we will ensure and hereby affirm that the Action will be vigorously prosecuted consistent with the PSLRA's lead plaintiff obligations and in the best interest of the class. The Institutional Investors are willing to undertake these responsibilities on behalf of the class.

7.      The Institutional Investors also understand that under the PSLRA, the lead plaintiffs have an obligation to select qualified lead counsel and to supervise lead counsel's prosecution of this case to ensure that the Action is prosecuted without unreasonable expense or cost.  We have selected DiCello Levitt and Labaton to serve as lead counsel for the putative class based on each firm's overall experience and our own experience working with the attorneys at each firm. The

6

Institutional Investors have instructed them that this Action should be prosecuted efficiently and in a cost-effective manner and are confident that our counsel understands our mandate.

I, Axelle Van der broeck, declare under penalty of perjury under the laws of the United States of America and that the foregoing is true and correct to the best of my knowledge.

Executed on   Digitally signed by  .

Van den broeck
Axelle Brigitte F
Date: 24/12/2025
12:55:06

_____

AXELLE VAN DEN BROECK
BY: Head of Legal
Van Lanschot Kempen

7

I, Mark F. Deldin, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on  December 23, 2025 .

_____
MARK F. DELDIN
BY: Chairman
MACOMB COUNTY EMPLOYEES'
RETIREMENT SYSTEM

8