## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BUILDING TRADES PENSION FUND OF WESTER PENNSYLVANIA, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:25-cv-06187 <br><br> <u>CLASS ACTION</u> |
| Plaintiff, | |
| vs. | |
| AVANTOR, INC. MICHAEL STUBBLEFIELD, and R. BRENT JONES, | |
| Defendants. | |
| CITY OF PONTIAC REESTABLISHED GENERAL EMPLOYEE'S RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:25-cv-06686 <br><br> <u>CLASS ACTION</u> |
| Plaintiff, | |
| vs. | |
| AVANTOR, INC. MICHAEL STUBBLEFIELD, R. BRENT JONES, JONATHAN PEACOCK, and STEVEN ECK, | |
| Defendants. | |

**[PROPOSED] ORDER GRANTING THE INSTITUTIONAL INVESTORS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS, APPROVAL OF SELECTION OF CO-LEAD COUNSEL, AND CONSOLIDATION OF THE RELATED ACTIONS**

Having considered the Institutional Investors' Motion for Appointment as Lead Plaintiffs, Approval of Selection of Co-Lead Counsel, and Consolidation of the Related Actions (the "Motion"), the Memorandum of Law, the Declaration of John C. Coyle in support thereof, and all other pleadings and argument submitted to this Court, and good cause appearing therefor, the Court ORDERS as follows:

1.       The Motion is **GRANTED**;

2.       Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, (i) *Building Trades Pension Fund of Western Pennsylvania v. Avantor, Inc. et al.*, No. 2:25-cv-06187-GAM (E.D. Pa., filed Oct. 30, 2025) and *City of Pontiac Reestablished General Employees' Retirement System v. Avantor, Inc. et al.*, No. 2:25-cv-06686-GAM (E.D. Pa., filed Oct. 28, 2025) are **CONSOLIDATED** as:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re AVANTOR, INC. SECURITIES LITIGATION, | Master File No.: 2:25-cv-06187 |
| | CLASS ACTION |
| This Document Relates To: | |
| ALL ACTIONS | |

3.       The file in Case No. 2:25-cv-06187 shall constitute the master file for every action in the consolidated action. The Clerk shall administratively close the other action. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:." When a pleading applies to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To," the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in said action;

(a)    All securities class actions on behalf of all persons who purchased or otherwise acquired Avantor, Inc. ("Avantor") common stock during the Class Period (as alleged in the operative complaint in this consolidated action) subsequently filed in, or transferred to, this District shall be consolidated into this action;

(b)    This Order shall apply to every such action, absent an order of the Court. A party objecting to such consolidation, or to any other provisions of this Order, must file an application for relief from this Order within ten (10) days after any such action is consolidated into this action; and

(c)    This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action, with good cause shown.

4.    Pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(a)(3)(B), MercLan S.A. (MercLan - Very Defensive Portfolio, MercLan - Growth Portfolio, MercLan - Defensive Portfolio, MercLan - Balanced Portfolio), MercLan Institutional Fund (MercLan - Institutional Equity Fund DBI-RDT), Kempen International Funds (Kempen International Funds - MercLan Global Equity, Kempen International Funds - MercLan Patrimonium), and Macomb County Employees' Retirement System (the "Institutional Investors") are **APPOINTED** as Lead Plaintiffs; and

5.    Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), DiCello Levitt LLP and Labaton Keller Sucharow LLP are **APPROVED** as Co-Lead Counsel for the Class. Co-Lead Counsel shall have the authority to speak for all Plaintiffs and Class members in all matters regarding the litigation, including, but not limited to, pre-trial proceedings, motion practice, trial, and settlement. Co-Lead Counsel shall make all work assignments in such a manner as to facilitate the orderly and efficient

3

prosecution of this litigation, and to avoid duplicative or unproductive effort. Additionally, Co-Lead Counsel shall have the following responsibilities:

(a)     to brief and argue motions;

(b)     to initiate and conduct discovery, including, but not limited to, coordination of discovery with Defendants' counsel, and the preparation of written interrogatories, requests for admissions, and requests for production of documents;

(c)     to direct and coordinate the examination of witnesses in depositions;

(d)     to act as spokesperson at pretrial conferences;

(e)     to consult with and employ experts;

(f)     to receive and review periodic time reports of all attorneys on behalf of Lead Plaintiffs and the proposed Class, to determine if the time is being spent appropriately and for the benefit of Lead Plaintiffs and the proposed Class, and to determine and distribute attorneys' fees;

(g)     to initiate and conduct any settlement negotiations with Defendants' counsel; and

(h)     to perform such other duties as may be expressly authorized by further order of this Court.

*     *     *

ORDER

IT IS SO ORDERED.

DATED: _____     _____
                                                            THE HONORABLE GERALD A. McHUGH
                                                            UNITED STATES DISTRICT JUDGE

4