UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BUILDING TRADES PENSION FUND OF WESTERN PENNSYLVANIA, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | Civ. Action No. 2:25-cv-06187-GAM |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | |
| AVANTOR, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) ) | |
| CITY OF PONTIAC REESTABLISHED GENERAL EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) | Civ. Action No. 2:25-cv- 06686-GAM CLASS ACTION |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | |
| AVANTOR, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**

4905-6145-3956.v1

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ..................................................................................................1

II.     FACTUAL BACKGROUND....................................................................................2

III.    ARGUMENT .........................................................................................................3

    A.    The Related Actions Should Be Consolidated............................................3

    B.    The Institutional Investors Should Be Appointed Lead Plaintiff ............................4

        1.    The Institutional Investors' Motion Is Timely.............................................4

        2.    The Institutional Investors Possess the Largest Financial Interest in the Relief Sought by the Class....................................................5

        3.    The Institutional Investors Are Typical and Adequate of the Putative Class................................................................................5

        4.    The Institutional Investors' Selection of Counsel Should Be Approved................................................................................8

IV.    CONCLUSION......................................................................................................11

4905-6145-3956.v1

## TABLE OF AUTHORITIES

**Page**

**CASES**

*A1 Credit Co. v. RAIT Fin. Tr.*,
　2007 WL 9677273 (E.D. Pa. Oct. 25, 2007)..................................................................................3

*Bennett v. Sprint Nextel Corp.*,
　No. 2:09-cv-02122-EFM-KMH (D. Kan.)..............................................................................9, 10

*Boston Ret. Sys. v. Alexion Pharms., Inc.*,
　No. 3:16-cv-02127 (AWT) (D. Conn.) ....................................................................................9

*City of Sterling Heights Gen. Emps.'Ret. Sys. v. Hospira, Inc.*,
　No. 1:11-cv-08332 (N.D. Ill.) ...................................................................................................10

*D'Agostino v. Innodata, Inc.*,
　2024 WL 4615728 (D.N.J. Oct. 30, 2024)................................................................................10

*Faille v. AdaptHealth Corp.*,
　No. 2:21-cv-03382-HB (E.D. Pa. Oct. 14, 2021) ........................................................................9

*In re Am. Realty Cap. Props., Inc. Litig.*,
　No. 1:15-mc-00040-AKH (S.D.N.Y. Jan. 21, 2020) ................................................................10

*In re Barrick Gold Sec. Litig.*,
　No. 1:13-cv-03851-RPP (S.D.N.Y.) .....................................................................................9, 10

*In re Cardinal Health, Inc. Sec. Litig.*,
　No. 2:04-cv-00575-ALM (S.D. Ohio) ........................................................................................9

*In re Cendant Corp. Litig.*,
　264 F.3d 201 (3d Cir. 2001)............................................................................................4, 5, 7

*In re Enron Corp. Sec. Litig.*,
　No. 4:01-cv-03624 (S.D. Tex.) ...................................................................................................9

*In re HealthSouth Corp. Sec. Litig.*,
　No. 2:03-cv-01500-KOB-TMP (N.D. Ala.)................................................................................9

*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*,
　No. 1:01-cv-01451-REB-KLM (D. Colo.) ................................................................................9

*In re Twitter, Inc. Sec. Litig.*,
　2020 WL 4187915 (N.D. Cal. Apr. 17, 2020) ..................................................................6, 9, 10

4905-6145-3956.v1

**Page**

*In re Twitter, Inc. Sec. Litig.*,
   No. 4:16-cv-05314 (N.D. Cal.) ...................................................................................9

*In re Under Armour Sec. Litig.*,
   No. 1:17-cv-00388 (D. Md.) .....................................................................................10

*In re UnitedHealth Grp. Inc. Sec. Litig.*,
   No. 0:06-cv-01691-JMR-FLN (D. Minn.) ..................................................................9

*Jones v. Pfizer*,
   No. 1:10-cv-03864 (S.D.N.Y.) ..................................................................................10

*KBC Asset Mgmt. NV v. 3D Sys. Corp.*,
   2017 WL 4297450 (D.S.C. Sept. 28, 2017) ................................................................6

*Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*,
   No. 1:02-cv-05893 (N.D. Ill.) .....................................................................................9

*Leventhal v. Chegg, Inc.*,
   2022 WL 4099454 (N.D. Cal. Sept. 7, 2022) ..............................................................6

*McDermid v. Inovio Pharms., Inc.*,
   467 F. Supp. 3d 270 (E.D. Pa. 2020) ..........................................................................9

*W. Va. Pipe Trades Health & Welfare Fund v. Medtronic, Inc.*,
   325 F.R.D. 280 (D. Minn. 2018) ...............................................................................10

*W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*,
   549 F.3d 100 (2d Cir. 2008) .......................................................................................7

**STATUTES, RULES, AND REGULATIONS**

15 U.S.C.
   §78u-4(a)(1) .................................................................................................................4
   §78u-4(a)(3)(A)(i) ........................................................................................................4
   §78u-4(a)(3)(B)(i) .........................................................................................................1
   §78u-4(a)(3)(B)(ii) ....................................................................................................1, 3
   §78u-4(a)(3)(B)(iii) ...................................................................................................1, 4
   §78u-4(a)(3)(B)(iii)(I)(cc) ...........................................................................................5
   §78u-4(a)(3)(B)(v) ....................................................................................................1, 8

Federal Rule of Civil Procedure
   Rule 23 ......................................................................................................................4, 5
   Rule 23(a)(3)-(4) ..........................................................................................................5
   Rule 42(a) .................................................................................................................1, 3

## I.    INTRODUCTION

Presently pending before this Court are two substantially similar securities class action lawsuits (the "Related Actions") brought on behalf of investors who purchased Avantor, Inc. ("Avantor" or the "Company") common stock between March 5, 2024 and October 28, 2025, inclusive (the "Class Period"), for violations of the Securities Exchange Act of 1934 (the "Exchange Act").[1]   In securities class actions, the Private Securities Litigation Reform Act of 1995 (the "PSLRA") requires district courts to resolve consolidation before appointing the lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  Here, the Related Actions should be consolidated because they each involve substantially similar legal and factual issues. *See* Fed. R. Civ. P. 42(a).

As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).

KBC Asset Management NV ("KBC") and Michigan Carpenters' Pension Fund ("Michigan Carpenters," and with KBC, the "Institutional Investors") should be appointed as lead plaintiff because they: (1) timely filed this motion; (2) have a significant financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Institutional Investors' selection of Motley Rice LLC and Robbins Geller Rudman & Dowd LLP as lead counsel for the putative class is reasonable and should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

---

[1]    The Related Actions are *Building Trades Pension Fund of W. Pa. v. Avantor, Inc.*, No. 2:25-cv-06187 (E.D. Pa.) (filed Oct. 20, 2025); and *City of Pontiac Reestablished Gen. Emps.' Ret. Sys. v. Avantor, Inc.*, No. 2:25-cv-06686 (E.D. Pa.) (filed Nov. 25, 2025).

4905-6145-3956.v1

## II.      FACTUAL BACKGROUND

Avantor engages in the provision of mission-critical products and services to customers in the biopharma, healthcare, education and government, advanced technologies, and applied materials industries.  Avantor common stock trades on the New York Stock Exchange under the ticker AVTR.

The Related Actions allege that defendants throughout the Class Period failed to disclose that Avantor's competitive positioning was weaker than defendants had publicly represented and that the Company was experiencing negative effects from increased competition.

On April 25, 2025, Avantor announced its first quarter 2025 financial results, reporting weak organic sales in Laboratory Solutions and cutting its guidance for 2025.  Specifically, the Company's CFO, defendant R. Brent Jones, admitted that Avantor had "felt the impact of increased competitive intensity," resulting in "reduced volumes at a handful of customers."  ECF 1 at ¶33.[2]  The Company further announced that defendant Michael Stubblefield would be stepping down from his roles as President and Chief Executive Officer upon the appointment of a successor.  On this news, the price of Avantor common stock fell by more than 16%.

Then, on August 1, 2025, Avantor reported disappointing second quarter 2025 financial results and reduced the Company's full-year guidance, including its guidance for growth in Laboratory Solutions.  CFO Jones attributed the weakening outlook for the Company's Laboratory Solutions business to "increased competitive intensity," admitted that Avantor did not expect the competitive environment to "chang[e] materially" in the remainder of 2025, and projected that the weak Laboratory Solutions performance would persist.  ECF 1 at ¶37.  On this news, the price of Avantor shares fell by more than 15%.

---

[2]    "ECF" citations are to the *Building Trades Pension Fund of W. Pa. v. Avantor, Inc.*, No. 2:25-cv-06187 (E.D. Pa.) action.

Finally, on October 29, 2025, Avantor reported weak financial results for the third quarter of 2025, including 5% decreases in organic revenue growth both overall and in the Company's Laboratory Solutions business – revealing that defendants' recent assurances of "careful" third quarter projections of -4% to -2% growth were false. ECF 1 at ¶39. On this news, the price of Avantor shares fell by more than 23%.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of Avantor common stock, the Institutional Investors and other class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

The PSLRA directs that cases should be consolidated when "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(B)(ii). Under Federal Rule of Civil Procedure 42(a), consolidation is appropriate when "actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a).

Here, the Related Actions present virtually identical factual and legal issues as the complaints were filed against overlapping defendants on behalf of investors of Avantor common stock during identical class periods alleging defendants' violations of the Exchange Act. Because these Related Actions are based on the same facts and involve similar legal claims, the same discovery will be relevant to all lawsuits. Thus, consolidation is appropriate as it "will facilitate the administration of justice and promote judicial economy without any foreseeable prejudice." *A1 Credit Co. v. RAIT Fin. Tr.*, 2007 WL 9677273, at *1-*2 (E.D. Pa. Oct. 25, 2007) (consolidating related securities complaints).

4905-6145-3956.v1

**B.    The Institutional Investors Should Be Appointed Lead Plaintiff**

The PSLRA establishes a procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1).  First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after the filing of the first complaint.  15 U.S.C. §78u-4(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *see also In re Cendant Corp. Litig.*, 264 F.3d 201 (3d Cir. 2001). The Institutional Investors meet each of these requirements and should therefore be appointed Lead Plaintiff.

### 1.    The Institutional Investors' Motion Is Timely

On October 30, 2025, notice of this Action was published on *Business Wire*, advising class members of the pendency of action, the alleged claims, the class definition, and the option of moving the Court to be appointed as lead plaintiff no later than 60 days from the date of the notice, *i.e.*, by December 29, 2025.  *See* Declaration of Lawrence F. Stengel in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel ("Stengel Decl."), Ex. A.  By filing a motion by the statutory deadline, the Institutional Investors satisfied the first statutory requirement for appointment as lead plaintiff.

**2.    The Institutional Investors Possess the Largest Financial Interest in the Relief Sought by the Class**

During the Class Period, the Institutional Investors suffered more than $9.9 million in losses on a first-in, first-out (FIFO) basis and $9 million on a last-in, first-out (LIFO) basis on their purchases of Avantor common stock.  *See* Stengel Decl., Exs. B, C.  To the best of their counsel's knowledge, no plaintiff claims a larger financial interest than the Institutional Investors.  Therefore, the Institutional Investors satisfy the PSLRA's "largest financial interest" requirement.

**3.    The Institutional Investors Are Typical and Adequate of the Putative Class**

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)-(4); *Cendant*, 264 F.3d at 263 (inquiry "should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy").

When making the typicality determination, the court "should consider whether the circumstances of the movant with the largest losses 'are markedly different or the legal theory upon which the claims [of that movant] are based differ[] from that upon which the claims of other class members will perforce be based.'"  *Cendant*, 264 F.3d at 265 (alteration in original) (citation omitted).  And, in "assessing whether the movant satisfies Rule 23's adequacy requirement, courts should consider whether it 'has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class.'"  *Id*. (alteration in original) (citation omitted).  The Institutional Investors satisfy those requirements.

- 5 -

Here, the Institutional Investors, like other class members: (1) purchased Avantor common stock during the Class Period; (2) were adversely affected by defendants' false and misleading statements; and (3) suffered damages when the truth became known.  Thus, the Institutional Investors' claims are typical of those of other class members because their claims and the claims of other class members arise out of the same course of events and are based on the same legal theories.

KBC also has demonstrated that it possesses standing to assert these claims on behalf of its fund.  KBC serves as the management company for KBC Equity Fund NV, and, during the Class Period, that fund purchased, and held legal title to, the Avantor common stock on which incurred substantial losses.  Prior to filing this Motion, KBC obtained a valid assignment of claims from KBC Equity Fund NV.  *See* Stengel Decl., Ex. D; *see also Leventhal v. Chegg, Inc.*, 2022 WL 4099454, at *3 (N.D. Cal. Sept. 7, 2022) (appointing KBC lead plaintiff and holding KBC "Funds' assignment of its claims to KBC in this matter is facially valid" and competing movant "failed to provide evidence contesting the validity of the assignment; its speculation about the validity is insufficient to rebut the lead plaintiff presumption").[3]  KBC also has authority to represent its fund in class actions under the terms of the fund's management agreement with KBC.  The management agreement between KBC and KBC Equity Fund NV provides (at Clause 2.2.2) that the fund (known as a "BEVEK") authorizes the "Management Company" (KBC) to "participat[e] in *class actions* or the commencement of an individual action" on its behalf.  *See* Stengel Decl., Ex. E at ¶ 2.2.2.  Against this background, courts throughout the country have repeatedly appointed KBC as lead plaintiff or class representative after finding that it possessed standing to assert the claims at issue.  *See, e.g.*, *In re Twitter, Inc. Sec. Litig.*, 2020 WL 4187915, at *2 (N.D. Cal. Apr. 17, 2020) (appointing KBC as a co-class representative on same standing basis as here); *KBC Asset Mgmt. NV v. 3D Sys. Corp.*, 2017

---

[3]    The assignments in *Chegg* (as well as in numerous other cases in which KBC has been appointed as lead plaintiff and class representative) are identical to the assignment obtained here.

4905-6145-3956.v1

WL 4297450, at *6 (D.S.C. Sept. 28, 2017) (appointing KBC as sole class representative on same standing basis as here and noting that "KBC has shown substantial commitment and involvement in this litigation and has demonstrated it is adequate in this regard").[4]

The Institutional Investors also satisfy the adequacy requirement because they have a significant direct interest in the outcome of this Action, ensuring they will vigorously represent the class. Further, any Court-appointed lead plaintiff must have sufficient resources and experience to play a meaningful role in managing the litigation and supervising counsel. KBC is a sophisticated institutional investor based in Brussels, Belgium that manages more than €200 billion in assets. Based in Lansing, Michigan, Michigan Carpenters is a multiemployer Taft-Hartley fund providing retirement benefits for union carpenters across the state of Michigan, overseeing over $700 million in total assets on behalf of thousands of members.

As institutional investors, the Institutional Investors are precisely the type of investors whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA. *See generally Cendant*, 264 F.3d at 273 ("Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members.").

As set forth in greater detail in the Joint Declaration submitted herewith, the Institutional Investors understand the obligations of a lead plaintiff to absent class members under the PSLRA and are each willing and able to undertake the responsibilities of lead plaintiff in this litigation to

---

[4] KBC also has standing to represent its funds under the so-called prudential exception. That doctrine allows third-party standing "where the plaintiff can demonstrate (1) a close relationship to the injured party and (2) a barrier to the injured party's ability to assert its own interests." *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 109 (2d Cir. 2008). KBC has a close relationship to KBC Equity Fund NV, as evidenced by the fact it serves as its management company, and there is a barrier to the fund asserting the claims given it has contracted with KBC to do precisely that.

- 7 -

ensure vigorous and efficient prosecution.  *See* Stengel Decl., Ex. F.  Before seeking a role as lead plaintiff, representatives of the Institutional Investors held a conference call to discuss, among other things, the merits of the claims, as well as their common goals and strategy for the joint prosecution of this Action.  *See id*.  Thus, the Institutional Investors have the incentive and commitment individually and together to vigorously prosecute this Action in a cohesive and coordinated fashion, and the ability to supervise and monitor counsel.

Finally, as discussed below, the Institutional Investors have selected qualified counsel to represent them and the putative class.  As such, the Court should find that the adequacy requirement has been met.

Because the Institutional Investors filed a timely motion, have the largest financial interest in the relief sought by the class, and are typical and adequate of the putative class, the Court should adopt the presumption that they are the presumptive lead plaintiff.

### 4.    The Institutional Investors' Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  Here, the Institutional Investors have selected Motley Rice and Robbins Geller to serve as lead counsel for the proposed class.[5]  Saxton & Stump, LLC, respected members of the Pennsylvania Bar with decades of experience in civil litigation, will serve as local counsel.

Motley Rice has substantial experience representing defrauded investors and a demonstrated history of success serving as lead counsel in numerous securities fraud class actions.  The firm's experience in the prosecution of securities class actions is derived from, among other things, its

---

[5]    For a detailed description of proposed lead counsels' track record, resources, and attorneys, please *see* https://www.rgrdlaw.com and https://www.motleyrice.com/.  Paper copies of the firms' resumes are available upon the Court's request, if preferred.

4905-6145-3956.v1

service as lead counsel in *In re Twitter, Inc. Sec. Litig.*, No. 4:16-cv-05314 (N.D. Cal.) ($809.5 million recovery); *In re Barrick Gold Sec. Litig.*, No. 1:13-cv-03851-RPP (S.D.N.Y.) ($140 million recovery); *Bennett v. Sprint Nextel Corp.*, No. 2:09-cv-02122-EFM-KMH (D. Kan.) ($131 million recovery); and *Boston Ret. Sys. v. Alexion Pharms., Inc.*, No. 3:16-cv-02127 (AWT) (D. Conn.) ($125 million recovery). Given that Motley Rice and KBC have successfully prosecuted several securities fraud class actions together, including *Twitter*, the proposed class could not be in better hands.

Robbins Geller possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class. Robbins Geller, a 200-attorney firm with offices nationwide, regularly represents clients in complex class action litigation. The firm's securities practice group includes numerous former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Robbins Geller has obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits.[6] District courts throughout the nation have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of complex class action cases. *See, e.g.*, *McDermid v. Inovio Pharms., Inc.*, 467 F. Supp. 3d 270, 281 (E.D. Pa. 2020) (appointing Robbins Geller as lead counsel); *Faille v. AdaptHealth*

---

[6] *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

4905-6145-3956.v1

*Corp.*, No. 2:21-cv-03382-HB, ECF 12 (E.D. Pa. Oct. 14, 2021) (same); *see also, e.g.*, *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (Concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller]. At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous.").

Moreover, Motley Rice and Robbins Geller have a long history of successfully prosecuting securities class actions together, including: *Am. Realty*, No. 1:15-mc-00040 (S.D.N.Y.) ($1.025 billion recovery); *Twitter* ($809.5 million recovery); *Jones v. Pfizer*, No. 1:10-cv-03864 (S.D.N.Y.) ($400 million recovery); *Barrick Gold* ($140 million recovery); *Sprint Nextel* ($131 million recovery); and *City of Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*, No. 1:11-cv-08332 (N.D. Ill.) ($60 million recovery). Indeed, late last year, the two firms resolved a securities fraud class action captioned *In re Under Armour Sec. Litig.*, No. 1:17-cv-00388 (D. Md.), for $434 million, just weeks before trial. *See also W. Va. Pipe Trades Health & Welfare Fund v. Medtronic, Inc.*, 325 F.R.D. 280, 287 (D. Minn. 2018) ("Plaintiffs' counsel – lawyers from Robbins Geller Rudman & Dowd LLP and Motley Rice LLC – is well-qualified to serve as class counsel in this case. First, the filings in this case demonstrate that counsel has sufficiently investigated and identified potential claims in this case. . . . Second, counsel has experience serving as class counsel in other disputes. . . . Third, counsel has demonstrated in this case and others that they have significant knowledge of securities law. . . . Finally, the Court is persuaded that counsel has sufficient resources to serve as class counsel in this case.") (citations omitted). Accordingly, the Court should approve the Institutional Investors' selection of Motley Rice and Robbins Geller as lead counsel for the putative class. *See D'Agostino v. Innodata, Inc.*, 2024 WL 4615728, at *5 (D.N.J. Oct. 30, 2024) ("[the movant's] chosen law firms have prosecuted numerous securities fraud

- 10 -

class actions on behalf of investors. . . .  After reviewing the firms' resumes, the Court finds that both firms have substantial experience litigating securities fraud class actions and are thus 'competent to fulfill the duties of lead counsel'") (citation omitted).

## IV.    CONCLUSION

The Related Actions involve common factual and legal questions and should be consolidated. In addition, the Institutional Investors have satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly, the Institutional Investors respectfully request that the Court grant their motion for consolidation, appointment as lead plaintiff, and approval of their selection of lead counsel.

DATED:  December 29, 2025

Respectfully submitted,

SAXTON & STUMP, LLC
LAWRENCE F. STENGEL (P.A. Bar # 32809)

/s Lawrence F. Stengel
LAWRENCE F. STENGEL

280 Granite Run Drive, Suite 300
Lancaster, PA  17601
Telephone:  717/556-1000
lfs@saxtonstump.com

Local Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone: 619/231-1058
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

4905-6145-3956.v1

MOTLEY RICE LLC
CHRISTOPHER F. MORIARTY
ANDREW P. ARNOLD
28 Bridgeside Boulevard
Mount Pleasant, SC  29464
Telephone:  843/216-9000
cmoriarty@motleyrice.com
aarnold@motleyrice.com

MOTLEY RICE LLC
MICHAEL J. QUIRK
Three Logan Square
1717 Arch Street, Suite 3610
Philadelphia, PA  19103
Telephone:  267/267-4740
mquirk@motleyrice.com

Proposed Lead Counsel for Proposed Lead
Plaintiffs

- 12 -

4905-6145-3956.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on December 29, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ LAWRENCE F. STENGEL
LAWRENCE F. STENGEL

SAXTON & STUMP, LLC
280 Granite Run Drive, Suite 300
Lancaster, PA  17601
Telephone:  717/556-1000
717/441-3810 (fax)

E-mail:  lfs@saxtonstump.com

4905-6145-3956.v1

## Mailing Information for a Case 2:25-cv-06187-GAM BUILDING TRADES PENSION FUND OF WESTERN PENNSYLVANIA v. AVANTOR, INC. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **NAUMON A. AMJED**
  namjed@ktmc.com,hpaffas@ktmc.com,4980043420@filings.docketbird.com,rdegnan@ktmc.com,gjarvis@ktmc.com,ksauder@ktmc.com,iyeates@ktmc.com,jkeszczy

- **John Charles Coyle , IV**
  JCoyle@labaton.com,drogers@labaton.com,ElectronicCaseFiling@labaton.com,2188672420@filings.docketbird.com

- **RYAN THOMAS DEGNAN**
  rdegnan@ktmc.com,dcheck@ktmc.com

- **KARISSA J. SAUDER**
  ksauder@ktmc.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)