## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BUILDING TRADES PENSION FUND OF WESTER PENNSYLVANIA, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>AVANTOR, INC., MICHAEL STUBBLEFIELD, and R. BRENT JONES,<br><br>                    Defendants. | Case No. 2:25-cv-06187<br><br>CLASS ACTION<br><br>THE INSTITUTIONAL INVESTORS' MEMORANDUM IN OPPOSITION TO COMPETING MOTIONS AND IN FURTHER SUPPORT OF THEIR MOTION FOR APPOINTMENT AS LEAD PLAINTIFF |
| CITY OF PONTIAC REESTABLISHED GENERAL EMPLOYEE'S RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>AVANTOR, INC., MICHAEL STUBBLEFIELD, R. BRENT JONES, JONATHAN PEACOCK, and STEVEN ECK,<br><br>                    Defendants. | Case No. 2:25-cv-06686<br><br>CLASS ACTION |

# Table of Contents

I.      PRELIMINARY STATEMENT ................................................................................... 1

II.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED ....................................... 3

III.    THE INSTITUTIONAL INVESTORS SHOULD BE APPOINTED LEAD PLAINTIFF 4

        A.    The Institutional Investors Have the Largest Financial Interest of Any Movant ....... 4

        B.    The Institutional Investors Satisfy the Relevant Requirements of Rule 23 ................ 7

        C.    The Institutional Investors' Selection of Counsel Should Be Approved .................. 10

IV.     THE REMAINING COMPETING MOTIONS SHOULD BE DENIED ........................ 11

V.      CONCLUSION ......................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allegheny Cnty. Employees' Ret. Sys. v. Energy Transfer LP*,
No. 2:20-cv-00200-GAM, 2020 WL 815136
(E.D. Pa. Feb. 19, 2020)............................................................................................ *passim*

*In re Am. Bus. Fin. Servs.*,
No. 2:05-cv-00232-TON, 2005 WL 724088
(E.D. Pa. Mar. 29, 2005)........................................................................................................9

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ................................................................................................7

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)..............................................................................3, 4, 10, 11

*Cortese v. Radian Grp. Inc.*,
No. 2:07-cv-03375-MAM, 2008 WL 269473
(E.D. Pa. Jan. 30, 2008) ........................................................................................................9

*DeLuca v. Instadose Pharma Corp.*,
No. 2:21-cv-00675-RCY, 2022 WL 3020417
(E.D. Va. July 29, 2022) ........................................................................................................6

*Ferreira v. Funko, Inc.*,
No. 2:20-cv-02319-VAP-PJWX, 2020 WL 3246328
(C.D. Cal. June 11, 2020) ......................................................................................................6

*Greater Pa. Carpenters Pension Fund v. Adolor Corp.*,
No. 2:04-cv-01728, 2004 WL 3019235
(E.D. Pa. Dec. 29, 2004) ........................................................................................................9

*Hufnagle v. Rino Int'l Corp.*,
No. 2:10-cv-8695-VBF, 2011 WL 710704
(C.D. Cal. Feb. 14, 2011)......................................................................................................8

*Janovici v. DVI, Inc.*,
No. 2:03-cv-04795-LDD, 2003 WL 22849604
(E.D. Pa. Nov. 25, 2003)..............................................................................................3, 10

*Johnson v. Dana Corp.*,
236 F.R.D. 349 (N.D. Ohio 2006) ........................................................................................6

*Kanefsky v. Honeywell Int'l Inc.*,
    No. 2:18-cv-15536-WJM, 2019 WL 936662
    (D.N.J. Feb. 26, 2019)........................................................................................................5

*O'Meara v. Shift4 Payments, Inc.*,
    No. 5:23-cv-03206-JFL, 2023 WL 7276491
    (E.D. Pa. Nov. 3, 2023)......................................................................................................3

*Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.*,
    No. 4:21-cv-08812-JST, 2022 WL 3571995
    (N.D. Cal. July 26, 2022)...................................................................................................6

*Ret. Sys. v. Hartford Fin. Servs. Grp.*,
    269 F.R.D. 291 (S.D.N.Y. 2010) .......................................................................................6

*Saleh v. AstraZeneca PLC, et al.*,
    No. 2:24-cv-11021-JFW-AS, ECF 40
    (C.D. Cal. Mar. 21, 2025) .................................................................................................8

*In re SVB Fin. Grp. Sec. Litig.*,
    No. 3:23-CV-01097-JD, 2023 WL 8367938
    (N.D. Cal. Nov. 30, 2023).................................................................................................5

*Tomaszewski v. Trevena, Inc.*,
    383 F. Supp. 3d 409 (E.D. Pa. 2019) ............................................................................4, 9

*United Ass'n of Plumbers & Pipefitters, Journeymen, Loc. #38 Defined Benefit*
    *Pension Plan v. Syneos Health, Inc.*,
    No. 1:23-cv-6548-AS, 2023 WL 6622547
    (S.D.N.Y. Oct. 11, 2023) ..................................................................................................8

*In re Vicuron Pharms., Inc. Sec. Litig.*,
    225 F.R.D. 508 (E.D. Pa. 2004)................................................................................2, 5, 9

*In re Vivendi Universal, S.A. Sec. Litig.*,
    605 F. Supp. 2d 570 (S.D.N.Y. 2009)...............................................................................8

*In re Vonage Initial Pub. Offering (IPO) Sec. Litig.*,
    No. 3:07-cv-00177-FLW, 2007 WL 2683636
    (D.N.J. Sept. 7, 2007) .......................................................................................................5

*W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*,
    No. 2:13-cv-6731-BMS, 2014 WL 1395059
    (E.D. Pa. Apr. 10, 2014) ( ..................................................................................................9

iii

## STATUTES, RULES, AND REGULATIONS

15 U.S.C.
  §78j(b) ................................................................................................................................3
  §78t(a) ................................................................................................................................3
  §78u-4 *et seq.* ...................................................................................................... *passim*

Federal Rules of Civil Procedure
  Rule 23 .......................................................................................................................4, 7, 10
  Rule 42(a) ..........................................................................................................................1

The Institutional Investors respectfully submit this Memorandum of Points and Authorities in further support of their motion for appointment as Lead Plaintiff (ECF 8) and in opposition to the competing motions.[1]

## I.    PRELIMINARY STATEMENT

On December 29, 2025, three competing motions were filed seeking consideration pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, and appointment as lead plaintiff and approval of counsel pursuant to the Private Securities litigation Reform Act of 1995 ("PSLRA"). These motions were filed by the following groups: (1) the Institutional Investors (ECF 8); (2) KBC/Michigan Carpenters (ECF 12); and (3) the Pension Funds (ECF 7).

Here, the Institutional Investors are entitled to the presumption that they are the "most adequate plaintiff," and should be appointed as Lead Plaintiff under the PSLRA and Third Circuit authority. The Institutional Investors possess – *by far* – the largest financial interest of any movant and are adequate and typical in all respects. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *Allegheny Cnty. Employees' Ret. Sys. v. Energy Transfer LP*, No. 2:20-cv-00200-GAM, 2020 WL 815136, at \*2 (E.D. Pa. Feb. 19, 2020) (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 222 (3d Cir. 2001) (outlining the PSLRA's straightforward lead plaintiff selection process).

*First*, with losses of more than $28 million on a LIFO basis – the accounting methodology overwhelmingly favored by courts for analyzing losses at this stage and the methodology used by each of the competing movants here – the Institutional Investors unquestionably possess the largest financial interest in the litigation. *Energy Transfer LP*, 2020 WL 815136, at \*3 (applying LIFO

---

[1] Unless otherwise noted, all references to "ECF __" are to docket entries in the first-filed action captioned *Building Trades Pen. Fund of Western Penn. v. Avantor, Inc. et al.*, No. 2:25-cv-06187 ("*Building Trades*"). All capitalized terms are defined in the Institutional Investors' memorandum (ECF 8-1), all emphasis is added, and all internal citations and quotation marks are omitted.

and explaining that "the amount of losses suffered by the prospective lead plaintiff" is "the most critical" factor in comparing movants' respective financial interests). In fact, the Institutional Investors suffered losses that are more than three times the size of the next largest group of movants before the Court:

| Movant | Claimed LIFO Loss |
|---|---|
| *Institutional Investors* | *$28,778,303* |
| KBC/Michigan | $9,945,414 |
| Pension Funds | $823,181 |

*See In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004) (noting that "the amount of financial loss is the most significant" metric in determining "financial interest").

**Second**, in addition to asserting the largest financial interest, the Institutional Investors satisfy the PSLRA's adequacy and typicality requirements and are ideally situated to represent all class members. As set forth below, the Institutional Investors are sophisticated institutional investors experienced in litigating claims under the federal securities laws. Moreover, as detailed at length in their motion and their Joint Declaration, the Institutional Investors are actively working together as a cohesive group and retained experienced counsel that have been investigating the class's claims and have already taken steps to benefit the class through the filing of the expanded claims in *City of Pontiac Reestablished Gen. Empl. Ret. Sys. v. Avantor, Inc. et al.*, No. 2:25-cv-06686 (E.D. Pa. filed Nov. 25, 2025) ("*City of Pontiac*"). Thus, there can be no doubt that the Institutional Investors will zealously represent the interests of the class here. *See*, *e.g.*, *Energy Transfer LP*, 2020 WL 815136, at *6-*7 (finding group of five institutional investors to be typical and adequate). The Institutional Investors are presumptively the most adequate plaintiff.

2

***Third***, once triggered, this presumption can only be rebutted upon "proof" that the presumptive Lead Plaintiff will not fairly represent the interests of the class. *Cendant*, 264 F.3d. at 268; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Because there is no "proof" to rebut their presumptive status as the most adequate plaintiff under the PSLRA, the Institutional Investors are entitled to appointment as Lead Plaintiff and the competing motions must be denied. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II) (requiring "proof" to rebut presumption). *See Janovici v. DVI, Inc.*, No. 2:03-cv-04795-LDD, 2003 WL 22849604, at \*13 (E.D. Pa. Nov. 25, 2003) ("[S]peculation is insufficient to overcome the presumption under the PSLRA").

***Fourth***, the Institutional Investors have selected DiCello Levitt and Labaton as Lead Counsel for the class. DiCello Levitt and Labaton are nationally recognized securities class action litigation firms whose lawyers, in addition to their efforts here, have a long record of effectively working together. Thus, DiCello Levitt and Labaton are highly qualified to prosecute this case and should be appointed Lead Counsel for the class. *See Energy Transfer LP*, 2020 WL 815136, at \*8 ("The court should generally employ a deferential standard in reviewing the Lead Plaintiff's choices for counsel," and "will not disturb the Lead Plaintiff's choice of counsel unless it is 'necessary to protect the interests of the class.'") (citing *In re Cendant*, 264 F.3d at 273-274).

Accordingly, the Institutional Investors respectfully request that the Court grant their motion in its entirety and deny the competing motions.

## II.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

All movants agree that the Related Actions should be consolidated. ECFs 7, 8, 12. Consolidation here is appropriate as the Related Actions concern common question of law and fact. *O'Meara v. Shift4 Payments, Inc.*, No. 5:23-cv-03206-JFL, 2023 WL 7276491, at \*3 (E.D. Pa. Nov. 3, 2023). Each action asserts violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 against Avantor, and each is also premised on the same wrongdoing and will thus turn

on common questions of law and fact. *Compare*, *e.g.*, *Building Trades*, 2:25-cv-06187, ECF 1 at ¶1, *with City of Pontiac*, 2:25-cv-06686-GAM, ECF 1 at ¶1. Further, maintaining separate actions will waste judicial resources. Accordingly, the Court should consolidate the Related Actions.

## III.   THE INSTITUTIONAL INVESTORS SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs that the movant possessing "the largest financial interest in the relief sought by the class" and who "otherwise satisfies the requirements of Rule 23" is the presumptively most adequate plaintiff. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The process is sequential, and the Court must appoint the presumptively "most adequate plaintiff" unless a competing movant can provide "proof" that the movant will not fairly and adequately represent the class or is subject to unique defenses. *In re Cendant Corp. Litig.*, 264 F.3d at 262 (the PSLRA "establishes a two-step process for appointing a lead plaintiff: the court first identifies the presumptive lead plaintiff, and then determines whether any member of the putative class has rebutted the presumption.") (citing 15 U.S.C. §78u-4(a)(3)(B)(iii)(I) & (II)). Here, after reviewing the competing motions it is clear that the Institutional Investors both possess the largest financial interest in the relief sought by the class.  Because the Institutional Investors are the presumptively most adequate plaintiff to represent the class, and no "proof" exists that could rebut that presumption, the Institutional Investors are entitled to appointment as Lead Plaintiff.

### A.   The Institutional Investors Have the Largest Financial Interest of Any Movant

Courts in this Circuit and across the country overwhelmingly look to movants' losses under the LIFO methodology when assessing financial interest under the PSLRA, finding "the amount of losses" to be "the most critical" factor.  *Energy Transfer LP*, 2020 WL 815136, at \*3.[2] Here,

---

[2] *See also Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409, 412-413 (E.D. Pa. 2019) ("the approximate losses suffered – has been considered by courts within this Circuit to be the most

the Institutional Investors' losses of approximately $28.7 million under the LIFO methodology are by far the largest of any movant:

| Movant | Members | Claimed LIFO Loss |
|---|---|---|
| *Institutional Investors* | • Kempen International Funds (MercLan Patrimonium, Global Equity) ($17,105,853)<br>• MercLan Institutional Fund (Institutional Equity Fund DBI-RDT) ($3,693,170)<br>• MercLan S.A. (Balanced, Defensive, Growth, Very Defensive) ($7,431,022)<br>• Macomb County ($548,256) | *$28,778,303* |
| KBC/Michigan | • KBC ($8,771,391)<br>• Michigan Carpenters ($252,760) | $9,945,414 |
| Pension Funds | • Building Trades Pension Fund ($121,940)<br>• City of Orlando Police Fund ($295,730)<br>• City of Orlando Firefighters Fund ($74,948)<br>• City of Miami Beach Firefighters & Police Fund ($330,608) | $823,181 |

Not only do the Institutional Investors' collective losses vastly exceed the losses of each of the other groups, but the LIFO loss of the compartments in the Kempen International Funds (MercLan Patrimonium, and Global Equity) of approximately $17 million alone dwarfs the combined losses of all other competing movants (*see* ECF 8-5, pp.7-8), and Macomb County has a larger loss than any of the members of the Pension Funds. *See* ECF 8-5, p.9. *See, e.g, In re SVB Fin. Grp. Sec. Litig.*, No. 3:23-CV-01097-JD, 2023 WL 8367938, at *2 (N.D. Cal. Nov. 30, 2023) (rejecting KBC's challenge to group, finding: "It bears mention that [group member] does not need

---

significant [factor] in the context of securities litigation"); *Kanefsky v. Honeywell Int'l Inc.*, No. 2:18-cv-15536-WJM, 2019 WL 936662, at *1 (D.N.J. Feb. 26, 2019) ("[T]he approximate losses suffered, is considered the most significant"); *In re Vonage Initial Pub. Offering (IPO) Sec. Litig.*, No. 3:07-cv-00177-FLW, 2007 WL 2683636, at *4 (D.N.J. Sept. 7, 2007) ("[C]ourts in this circuit have accorded the third element, the largest financial loss, the greatest weight."); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004) ("[W]e agree that the amount of financial loss is the most significant of these elements").

its losses aggregated to secure lead plaintiff status: standing alone, its losses eclipse those of other movants."); *Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.*, No. 4:21-cv-08812-JST, 2022 WL 3571995, at *4 (N.D. Cal. July 26, 2022) (appointing group of institutional investors and noting that a member of the group "standing alone, would have the largest financial interest"); *DeLuca v. Instadose Pharma Corp.*, No. 2:21-cv-00675-RCY, 2022 WL 3020417, at *4 (E.D. Va. July 29, 2022) (appointing group and noting that "[t]he most important factor to the Court is that the Group contains the individual with the largest loss among all movants").

And, while the Institutional Investors purchased Avantor shares before the Class Period and carried those shares into the Class Period – as did competing movant KBC Equity – "losses or gains on pre-class period holdings are typically not compensable, so should not be a focus of this determination." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.*, 269 F.R.D. 291, 295 (S.D.N.Y. 2010); *see also Johnson v. Dana Corp.*, 236 F.R.D. 349, 352 (N.D. Ohio 2006) (sales matched to pre-existing holdings are excluded from the damage calculation). Were losses or gains on pre-Class Period holdings to be considered for purposes of determining "financial interest in the relief sought by the class," the Institutional Investors' financial interest balloons to more than $77 million.[3] ECF 8-5 at pp. 6-8.

---

[3] KBC, however, did not provide the cost basis of its pre-class period shares and "simply note[s] that shares held prior to the Class Period were sold." *Ferreira v. Funko, Inc.*, No. 2:20-cv-02319-VAP-PJWX, 2020 WL 3246328, at *7 (C.D. Cal. June 11, 2020). It is thus not possible to determine whether or to what extend KBC may have profited from the sale of its pre-Class Period shares. *See id.* ("It wastes the Court's time when proposed lead plaintiffs, particularly investors possessing as much experience in securities class action litigation as these . . . entities, simply note that shares held prior to the Class Period were sold, without disclosing the net gain on the sale of those shares or, at minimum, carefully accounting for each of those shares.") (citing *Cambridge Ret. Sys. v. Mednax, Inc.*, No. 0:18-cv-61572-WPD, 2018 WL 8804814, at *6 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, No. 0:18-cv-61572-WPD, 2018 WL 6978626 (S.D. Fla. Dec. 21, 2018)).

**B.**     **The Institutional Investors Satisfy the Relevant Requirements of Rule 23**

In addition to possessing the largest financial interest in the relief sought by the class, the Institutional Investors also satisfy the applicable Rule 23 adequacy and typical requirements. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc); *In re Cavanaugh*, 306 F.3d 726, 731 (9th Cir. 2002) (explaining that a lead plaintiff movant need only make "a prima facie showing of typicality and adequacy").

As demonstrated in their motion, *see generally* ECF 8 at pp. 7-9, the Institutional Investors' claims are typical of the claims of the class. Like all other class members, the Institutional Investors: (1) purchased Avantor securities during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) were injured by the subsequent decline in value of their stock holdings once the alleged misrepresentations were exposed. *Energy Transfer LP*, 2020 WL 815136, at *6. The Institutional Investors also satisfy Rule 23's adequacy requirement because they are capable of "fairly and adequately protect[ing] the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see Energy Transfer LP*, 2020 WL 815136, at *7. The interests of the Institutional Investors are clearly aligned with those of the other members of the class, there is no evidence of any conflicts, and the Institutional Investors' significant financial interest in this litigation ensures the vigorous prosecution of this litigation through their chosen Lead Counsel for the class, DiCello Levitt and Labaton, which have been jointly investigating and developing claims on behalf of Avantor investors. Indeed, the Institutional Investors' Joint Declaration establishes their willingness, resources, and commitment to closely cooperate with each other to supervise Lead Counsel and obtain the best possible recovery for the class. ECF 8-6. In preparing to lead this litigation, the Institutional Investors, among other things: participated in a video conference call to discuss this

7

litigation, their joint representation of the class, and their strategy for jointly prosecuting this litigation and instructed counsel to ensure that the class's claims are prosecuted vigorously yet efficiently. *See* ECF 8-6, ¶¶4-7.

Moreover, as sophisticated institutional investors and trusted fiduciaries with experience selecting, hiring, and overseeing the activities of outside counsel in complex litigation, the Institutional Investors are the ideal Lead Plaintiff under the PSLRA. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). The MercLan/Kempen Funds are sophisticated Luxembourgian and Belgian SICAVs with substantial financial interests in the outcome of the action that will compel them to vigorously advocate on behalf of all class members.[4] *See Hufnagle v. Rino Int'l Corp*., No. 2:10-cv-8695-VBF (VBKx), 2011 WL 710704, at *6 (C.D. Cal. Feb. 14, 2011) (appointing Luxembourg SICAV as lead plaintiff); *In re Vivendi Universal, S.A. Sec. Litig*., 605 F. Supp. 2d 570, 579 (S.D.N.Y. 2009) (finding SICAVs have standing to sue for securities fraud violations, and that "SICAVs appear to be sufficiently similar to corporations and limited partnerships to justify allowing them to bring suit"). The MercLan/Kempen Funds have experience overseeing counsel and serving as lead plaintiff. *See, e.g.*, *United Ass'n of Plumbers & Pipefitters, Journeymen, Loc. #38 Defined Benefit Pension Plan v. Syneos Health, Inc.*, No. 1:23-cv-6548-AS, 2023 WL 6622547, at *2 (S.D.N.Y. Oct. 11, 2023) (appointing group of Kempen and MercLan funds as lead plaintiff,

---

[4] "A SICAV, or A Société d'investissement à Capital Variable, is a publicly traded open-end investment fund structure offered in Europe. SICAV funds are similar to open-end mutual funds in the United States." *Saleh v. AstraZeneca PLC, et al*., No. 2:24-cv-11021-JFW-AS, ECF 40 at 2 n.1 (C.D. Cal. Mar. 21, 2025) (ECF 8-7, Coyle Decl., Ex. E).

8

finding that they "are large, sophisticated funds and will be represented by experienced counsel."). Similarly, Macomb County, based in Mount Clemens, Michigan, provides retirement and related benefits for Macomb County public employees and has significant experience serving as a lead plaintiff. *See, e.g.*, *W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, No. 2:13-cv-6731-BMS, 2014 WL 1395059, at *12 (E.D. Pa. Apr. 10, 2014) (Macomb County appointed lead plaintiff as member of group of 4 institutional investors); *Patel v. Lululemon Athletica Inc., et al.*, Case No. 1:24-cv-06033-ALC, Joint Stipulation, ECF 33 (S.D.N.Y. Oct. 23, 2024) (appointing Macomb County as lead plaintiff as part of group) (Ex. 1); *McAlice v. The Estee Lauder Cos., Inc., et al.*, 1:23-cv-10669-AS, Opinion and Order, ECF 38 at *2 (S.D.N.Y. Feb. 20, 2024) (appointing Macomb County as a member of a lead plaintiff group, finding that "it is a group of large, sophisticated, institutional investors that will be represented by experienced counsel.") (Ex. 2).

The evidence provided by the Institutional Investors, coupled with the absence of any "proof" of their inadequacy by competing movants, falls squarely within case law from this District appointing groups like the Institutional Investors.[5] The Institutional Investors have demonstrated

---

[5] *See, e.g.*, *Trevena*, 383 F. Supp. 3d at 415 (appointing a group of five unrelated individual investors and explaining that "the PSLRA expressly permits groups to serve as lead plaintiff"); *DFC Glob.*, 2014 WL 1395059, at *3-*11 (appointing a group of four institutional investors with the largest LIFO loss even though an individual lead plaintiff applicant had a larger LIFO loss than each of the four institutional investors individually, finding that the group may move together and that it could fairly and adequately protect the interests of the class); *Cortese v. Radian Grp. Inc.*, No. 2:07-cv-03375-MAM, 2008 WL 269473 at *2, *7 (E.D. Pa. Jan. 30, 2008) (appointing group of two institutional investors as lead plaintiff when its chosen counsel "appears to be qualified" and its interests "appear well aligned with the interests of the putative class"); *In re Am. Bus. Fin. Servs.*, No. 2:05-cv-00232-TON, 2005 WL 724088, at *2 (E.D. Pa. Mar. 29, 2005) (appointing group of five unrelated individual investors as lead plaintiff because "[w]ith the largest financial interest in the outcome of the litigation, [the group] clearly has an incentive to represent the claims of the class with vigor"); *Vicuron Pharms.*, 225 F.R.D. at 512 (appointing group of three institutional investors as lead plaintiff when it hired "competent and experienced counsel" and "[t]here [was] no evidence of conflict between this plaintiff and other class members"); *Greater Pa. Carpenters Pension Fund v. Adolor Corp.*, No. 2:04-cv-01728, 2004 WL 3019235, at *3 (E.D. Pa. Dec. 29, 2004) (appointing group of two institutional investors as lead plaintiff when there was

that they understand and accept the fiduciary obligations they will assume if appointed as Lead Plaintiffs and will zealously represent the interests of all members of the proposed Class. *See, e.g.*, ECF 8-2, Coyle Decl., Ex. D, ¶¶4-7. *See also Cendant*, 264 F.3d at 268 (affirming appointment of group of three pension funds as lead plaintiff when there was no "reason to doubt that its members could operate effectively as a single unit"). Moreover, the competing movants, having themselves moved as groups, concede that lead plaintiff groups are adequate lead plaintiffs and provide the class with particular benefits.

Recognizing that the Institutional Investors are qualified to represent the class, KBC/Michigan Carpenters has filed a response acknowledging that the Institutional Investors have the largest financial stake in the relief sought by the class, without challenging the Institutional Investors' adequacy or typicality. *See* ECF 20.

Because the Institutional Investors possess the largest financial interest in the relief sought by the class and otherwise satisfy the relevant requirements of Rule 23, the Institutional Investors are the presumptively most adequate plaintiff to serve as lead plaintiff. And, because there is no proof to rebut this presumption, the Institutional Investors should be appointed as Lead Plaintiff.

**C.     The Institutional Investors' Selection of Counsel Should Be Approved**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." *Id*. §78u-4(a)(3)(B)(iii)(II)(aa); *see also Energy Transfer LP*, 2020 WL 815136, at *8 ("The

---

"no evidence of antagonism between the interests of Movants and the interests of the other members of the class"); *Janovici*, 2003 WL 22849604, at *12 (appointing group of two institutional investors and one individual investor as lead plaintiff when opposing movants submitted no proof that the group would be unable to oversee counsel or the litigation).

10

court should generally employ a deferential standard in reviewing the Lead Plaintiff's choices for counsel.") (citing *In re Cendant*, 264 F.3d at 274). The Institutional Investors' selection of DiCello Levitt and Labaton – firms with significant experience jointly prosecuting complex class actions (ECFs 8-8, 8-9) – as Lead Counsel should be approved. *See Energy Transfer LP*, 2020 WL 815136, at *8 (approving group of institutional investors' selection of two firms to serve as co-lead counsel).

## IV.    THE REMAINING COMPETING MOTIONS SHOULD BE DENIED

Because the Institutional Investors have met all of the requirements for appointment as Lead Plaintiff and there is no "proof" to rebut their presumptive status as the PSLRA's "most adequate plaintiff," the Court need not consider the competing motions. Indeed, under the PSLRA, "once the presumption is triggered, the question ***is not*** whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair and adequate' job." *See Cendant*, 264 F.3d 201, 268 ("If no class member succeeds in rebutting the presumption, then the district court should appoint the presumptive lead plaintiff as the lead plaintiff."); 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

## V.    CONCLUSION

For the reasons discussed above and in their motion, the Institutional Investors respectfully request that the Court consolidate the Related Actions, appoint the Institutional Investors as Lead Plaintiff, and approve their selection of DiCello Levitt and Labaton as Lead Counsel for the class.

Dated: January 12, 2026                    Respectfully submitted,

                                    s/ JOHN C. COYLE
                                    JOHN C. COYLE

11

John C. Coyle (PA# 334759)
Francis P. McConville (Admitted *pro hac vice*)
Connor C. Boehme (Admitted *pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY  10005
Tel.: (212) 907-0700
jcoyle@labaton.com
fmcconville@labaton.com
cboehme@labaton.com

Henry Rosen (Admitted *pro hac vice*)
Brian O. O'Mara (Admitted *pro hac vice*)
Steven M. Jodlowski (*pro hac vice* forthcoming)
**DiCELLO LEVITT LLP**
4747 Executive Drive, Suite 240
San Diego, CA  92121
Tel.: (619) 923-3939
hrosen@dicellolevitt.com
briano@dicellolevitt.com
stevej@dicellolevitt.com

Roxana Pierce (*pro hac vice* forthcoming)
**DiCELLO LEVITT LLP**
801 17th Street, NW, Suite 430
Washington, DC  20006
Tel.: (202) 975-2288
rpierce@dicellolevitt.com

*Proposed Co-Lead Counsel for Lead Plaintiffs
and the Proposed Class*

Thomas C. Michaud
Aaron L. Castle
**VANOVERBEKE MICHAUD
& TIMMONY P.C.**
79 Alfred Street
Detroit, MI  48201
Tel.: (313) 578-1200
tmichaud@vmtlaw.com
acastle@vmtlaw.com

*Additional Counsel for Macomb County
Employees' Retirement System*

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on January 12, 2026, I authorized the

electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system.

*s/ John C. Coyle*
JOHN C. COYLE

**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY  10005
Tel.: (212) 907-0700
Email: jcoyle@labaton.com
