# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BRIDGETT MCALICE et al.,                                          :
                                                                 :
        Plaintiffs,                                    :
                                                                 :           23-cv-10669 (AS)
        -v-                                            :
                                                                 :       OPINION AND ORDER
THE ESTEE LAUDER COMPANIES, INC. et al.,                         :
                                                                 :
        Defendants.                                    :
                                                                 :
------------------------------------------------------------------ :

ARUN SUBRAMANIAN, United States District Judge:

On December 7, 2023, Plaintiff Bridgett McAlice filed a putative class-action lawsuit on behalf of purchasers of Estee Lauder's common stock between August 18, 2022, and May 2, 2023. Dkt. 1. The complaint alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("1934 Act") and Rule 10b-5 promulgated thereunder. On January 22, 2024, Plaintiff West Virginia Laborers Pension Trust Fund filed a suit that was identical other than the class period, which ran from February 3, 2022, to October 31, 2023. *See* 24-cv-468.

Section 78u-4(a)(3)(A) of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A), requires that within twenty days of the filing of the complaint, the plaintiff shall "cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class . . . of the pendency of the action, the claims asserted therein, and the purported class period." 15 U.S.C. § 78u-4(a)(3)(A)(i). The PSLRA also provides that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." *Id.* In addition, the Act requires that not later than 90 days after the date on which notice is published, the Court shall consider any motion made by a purported class member in response to the notice, and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the Court determines to be most capable of adequately representing the interests of class members. *See id.* § 78u-4(a)(3)(B)(i). In the event that more than one action on behalf of a class asserting substantially the same claim or claims has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the Court shall not appoint a lead plaintiff until after a decision on the motion to consolidate is rendered. *See id.* § 78u-4(a)(3)(B)(ii).

Counsel for McAlice notified the Court that the required notice was published in *Globe Newswire* on December 7, 2023. Dkt. 11. Members of the purported class therefore had until

February 5, 2024, to move to serve as lead plaintiff. Dkt. 12. On February 5, 2024, three plaintiffs (or plaintiff groups) moved to serve as lead plaintiff: (1) Macomb County Employees' Retirement System, Macomb County Retiree Health Care Fund, and Wayne County Employees' Retirement System ("the Michigan Funds"); (2) individual investor Bennie Bonaminio; and (3) individual investor Theodore Daly. Dkts. 21, 23, 28. All three movants also moved to consolidate the cases, which the Court previously granted. Dkt. 37.

Under the PSLRA, the Court must "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of [the] class members." 15 U.S.C. §78u-4(a)(3)(B)(i). The PSLRA also presumes that the most adequate plaintiff is the "person or group of persons" who (1) "has the largest financial interest in the relief sought by the class" and (2) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb)–(cc).

No movant disputes that the Michigan Funds have the greatest financial interest in this case. Indeed, after Daly learned that he didn't have the greatest financial stake, he filed a notice of non-opposition to appointing the Michigan Funds. Dkt. 33. No one contests the other requirements of Rule 23 either. *See* Dkts. 33, 35. The Michigan Funds' claims are typical: they bought Estee Lauder common stock and suffered major losses after Estee Lauder's alleged stock-price inflation was revealed. *See* Dkt. 24 at 7–10. The Michigan Funds will also be able to fairly and adequately represent the class: it is a group of large, sophisticated, institutional investors that will be represented by experienced counsel. *Id.*

Bonaminio has also consented to the Michigan Funds' serving as lead plaintiff and its selection of lead counsel. Dkt. 34. But the Michigan Funds have also stipulated to keeping on Bonaminio as "an additional Class representative" and his chosen counsel as "additional counsel for the Class." *Id.*

Although appointing co–lead plaintiffs requires the Court's approval, it is not clear that this proposed arrangement does. The Court will still be appointing just one lead plaintiff and lead counsel. How exactly to conduct the lawsuit is then in the hands of that party subject to the Court's supervision. That said, under both the PSLRA and Federal Rule of Civil Procedure 23, attorneys' fees and class-representative awards will still be subject to the Court's review. *See, e.g.*, 15 U.S.C. § 78u-4(a)(6)–(7), Fed. R. Civ. P. 23(h). Further, before any fees are awarded, the lead plaintiff must "disclose any fee sharing agreements with anyone." Local R. 23.1.

Under § 78u-4, the Michigan Funds are presumptively the most adequate plaintiff in this case, and that presumption has not been rebutted. So the Court appoints the Michigan Funds to serve as lead plaintiff. The Court has reviewed the qualifications of the Michigan Funds' chosen counsel—Labaton Keller Sucharow LLP—and finds that the firm has the knowledge, experience, and resources to serve as lead counsel here. Given that decision, as well as the PSLRA's "strong presumption in favor of approving … lead plaintiff's decisions as to counsel," Labaton is appointed as lead counsel. *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008) (citation omitted); *see also* § 78u-4(a)(3)(B)(v). The Michigan Funds may choose

to keep Bonaminio and his chosen counsel on in this case, but the Michigan Funds should be aware that the Court will closely review its conduct to ensure that in all instances the Michigan Funds and their counsel are faithfully fulfilling their roles as lead plaintiff and lead counsel, and that any additional counsel's contributions were truly warranted and necessary under the circumstances.

For these reasons, Daly's and Bonaminio's motions to serve as lead plaintiff are DENIED. The Michigan Funds' motions to be appointed as lead plaintiff and to appoint Labaton as lead counsel are GRANTED. The Clerk of Court is directed to close Dkts. 21, 23, and 28.

By February 27, 2024, the parties shall meet, confer, and jointly propose a schedule for the filing of a consolidated amended complaint and for any motions to dismiss the complaint, including a briefing schedule.

SO ORDERED.

Dated: February 20, 2024
New York, New York

ARUN SUBRAMANIAN
United States District Judge